# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MESA DIGITAL, LLC,  *Plaintiff,*  v.  BEST BUY CO., INC.,  *Defendant.* | Case No. 6:21-cv-001038  Jury Trial Demanded |

### ANSWER OF BULLITT MOBILE LIMITED TO MESA DIGITAL, LLC's THIRD AMENDED COMPLAINT

In response to the numbered paragraphs and sentences of the Third Amended Complaint, being the first complaint directed at Bullitt Mobile Limited ("Defendant" or "BML") filed by Mesa Digital LLC ("Mesa"), BML denies all of Plaintiff's allegations and averments except those expressly admitted herein.[1]

### I. THE PARTIES

1. Defendant BML lacks information sufficient to admit or deny this statement.

2. BML lacks information sufficient to admit or deny the statements relating to the corporate structure of Best Buy Co., Inc ("Best Buy") or where it or its affiliates sells products. BML denies that Best Buy sells "wireless devices of the Bullitt Group, Ltd." Plaintiff has agreed to dismissal of all claims against Bullitt Group Ltd, and they no longer form part of these proceedings. Bullitt Group Ltd. does not manufacture or sell any wireless devices.

---

[1] As *a preliminary matter* BML notes that, in this, the first complaint directed at BML, Mesa has not issued a valid Summons against BML in compliance with Federal Rule of Civil Procedure 4(a)-(c).

3. BML denies that any sale of products supplied to Best Buy by BML are sufficient to establish that this Court is a convenient forum for the adjudication of this dispute or sufficient to support any claim to venue in this district.

## II. JURISDICTION AND VENUE

4. BML admits that the Third Amended Complaint purports to state a complaint under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and that the Complaint purports to state a cause of action under 28 U.S.C. §§ 1331 and 1338(a). To the extent paragraph 4 of the Complaint suggests any alleged infringement, BML denies it infringed or infringes any valid claim of the patents asserted against BML.

5. Paragraph 5 of the Third Amended Complaint is denied.

6. BML does not contest, solely for the purposes of the present litigation, that this Court has personal jurisdiction over BML in this case, but denies the remaining allegations in paragraph 6 of the Third Amended Complaint. BML denies that:

   (i) BML is present within the State of Texas or this judicial district and has offices in Texas or this judicial district;

   (ii) BML has on occasion conducted business in the State of Texas and in this judicial district;

   (iii) BML has business contacts or other activities in the State of Texas and in this judicial district.

7. BML, solely for the purpose of the present action, does not contest whether venue properly lies in this District with respect to BML, but does not admit that this District is a convenient forum for the adjudication of this matter.

## III. INFRINGEMENT

8.     BML admits that, on its face, U.S. Patent No. 9,031,537 ("the '537 Patent") is entitled "*Electronic wireless hand held multimedia device*" and is identified as being issued on May 12, 2015. BML denies that the '537 Patent was duly and legally issued. Defendant BML lacks information sufficient to admit or deny whether the '537 Patent was validly assigned, or for what consideration.

9.     Paragraph 9 is denied.

10.    BML admits that it sells cellular telephones and communications devices that comply with a number of technical standards. However, BML does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Third Amended Complaint and therefore denies them and specifically denies any allegation of infringement contained in paragraph 10.

11.    BML denies that the allegations in paragraph 11 of the Third Amended Complaint are sufficient to support a claim of infringement and further denies infringement of the '537 Patent. BML does not have knowledge or information sufficient to form a belief as to whether the suppliers of any components are licensed to use the '537 Patent.

12.    BML denies the allegations of paragraph 12 of the Third Amended Complaint in their entirety. BML does not have knowledge or information sufficient to form a belief as to whether any users of products are licensed to use the '537 Patent.

13.    BML denies the allegations of paragraph 13 of the Third Amended Complaint in their entirety.

14.    BML denies the allegations of paragraph 14 of the Third Amended Complaint in their entirety.

## IV. AFFIRMATIVE DEFENSES

15. Further answering Plaintiff's Third Amended Complaint and as additional defenses thereto, BML asserts the following affirmative and other defenses, in response to the allegations of infringement, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

**A. Failure to State a Claim**

16. The Third Amended Complaint fails to state a claim upon which relief can be granted against BML.

**B. Non-Infringement**

17. BML does not and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '537 Patent.

**C. Invalidity**

18. The '537 patent is invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 100 et seq., including, without limitation, 35 U.S.C. §§ 102, 103, and 112. In particular, BML asserts that the '537 Patent is invalid over multiple items of prior art, including but not limited to:

(i) U.S. Patent No. 6,678,215 to Treyz *et al.*, entitled *Digital audio devices*;

(ii) U.S. Patent No. 6,601,040 to Kolls, entitled *Electronic commerce terminal for wirelessly communicating to a plurality of communication devices*;

(iii) U.S. Patent No. 6,434,403 to Ausems *et al.*, entitled *Personal digital assistant with wireless telephone*;

(iv) U.S. Patent No. 6,009,336 to Harris *et al.*, entitled "*Handheld radiotelephone having a detachable display*;"

(v) U.S. Patent No. 6,816,724 to Asikainen, entitled *Apparatus, and associated method, for remotely effectuating a transaction service*;

(vi) U.S. Patent No. 6,282,183 to Harris *et al*., entitled *Method for authorizing couplings between devices in a capability addressable network.*

(vii) U.S. Patent No. 9,031,537 to Ortiz et al. (the '537 Patent) entitled *Electronic wireless hand-held multimedia device*;

(viii) The IBM Simon Personal Communicator *as described* in the User's Manual, © Copyright IBM Corp. 1994 and known features thereof ("IBM Simon" – a product released onto the US market on August 16, 1994);

(ix) The Bluetooth Radio System *as described in* Jaap C. Haartsen, *The Bluetooth radio system,* IEEE Personal Communications, vol. 7, no. 1, pp. 28-36, Feb. 2000 ("*The Bluetooth Radio System*");

(x) Home RF as described by K. J. Negus, A. P. Stephens and J. Lansford *HomeRF: wireless networking for the connected home*, IEEE Personal Communications, vol. 7, no. 1, pp. 20-27, Feb. 2000 ("Home RF") – the presentation of the system was described in a San Francisco Press Release dated June 7, 1999.

## V. DEMAND FOR TRIAL BY JURY

19. Defendant demands a jury trial on all matters triable to a jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, BML respectfully requests that this Court:

A. Enter a judgment in favor of BML and against Plaintiff on all claims, and dismiss the Third Amended Complaint with prejudice;

B. Enter a judgment that BML does not infringe, directly or indirectly, the '537 Patent;

    C. Enter a judgment that the '537 is invalid;

    D. Declare this case exceptional under 35 U.S.C. § 285 and award BML its costs, expenses, attorneys' fees, and all applicable interests; and

    E. Grant BML such other and further relief as this Court deems just and proper.

May 27, 2022                                      Respectfully Submitted,

                                                          */s/ Allen F. Gardner*

By:   */s/ Allen F. Gardner*
       Allen F. Gardner
       TX Bar No.: 24043679
       **ALLEN GARDNER LAW, PLLC**
       609 S. Fannin
       Tyler, TX 75701
       Tel: (903) 944-7537
       Fax: (903) 944-7856
       allen@allengardnerlaw.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the twenty seventh day of May, 2022 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                          */s/ Allen F. Gardner*