# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS WACO DIVISION

| | |
|---|---|
| MESA DIGITAL, LLC, | § |
| *Plaintiff,* | § Case No. 6:21-cv-001038 |
| v. | § |
| BEST BUY CO., INC., | § Jury Trial Demanded |
| *Defendant.* | § |

## ANSWER OF BEST BUY CO., INC. TO MESA DIGITAL, LLC's THIRD AMENDED COMPLAINT

In response to the numbered paragraphs and sentences of the Third Amended Complaint Best Buy Co,. Inc., ("Defendant" or "Best Buy") in the above-captioned matter denies all of Plaintiff's allegations and averments except those expressly admitted herein.

### I. THE PARTIES

1. Defendant Best Buy lacks information sufficient to admit or deny this statement.

2. Best Buy admits that it is a Minnesota corporation with its headquarters at 7601 Penn Avenue South, Richfield, MN 55423, but does not agree or accept that the allegations within are sufficient to establish that this Court is a convenient forum for the adjudication of this dispute or that the facts related are sufficient to support jurisdiction over Best Buy. Best Buy Stores, L.P. is the entity that owns and operates the retail stores and would have sold the accused S42 product in the stores and BestBuy.com, LLC is the entity that owns and operates the website and would be the entity that sold the at-issue S42 product on the Best Buy website. Best Buy advised Plaintiff in November 2021 that by November 2021 Best Buy Stores, LP and BestBuy.com, LLC had sold

approximately **113** units of the accused S42 product.

3. Upon information and belief, Best Buy denies that any sale of products supplied to it by Bullitt Mobile Ltd. ("BML") are sufficient to establish that this Court is a convenient forum for the adjudication of this dispute or sufficient to support any claim to venue in this district.

## II. JURISDICTION AND VENUE

4. Best Buy admits that the Third Amended Complaint purports to state a complaint under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and that the Third Amended Complaint purports to state a cause of action under 28 U.S.C. §§ 1331 and 1338(a). To the extent paragraph 4 of the Third Amended Complaint suggests any alleged infringement, Best Buy denies it infringed or infringes any valid claim of the patent asserted against Best Buy.

5. Best Buy does not contest, solely for the purposes of the present litigation, that this Court has personal jurisdiction over Best Buy in this case, but denies the remaining allegations in paragraph 5 of the Third Amended Complaint.

6. Best Buy does not have sufficient information to admit or deny paragraph 6, and therefore it is denied.

7. Best Buy, solely for the purpose of the present action, does not contest whether venue properly lies in this District with respect to Best Buy, but does not admit that this District is a convenient forum for the adjudication of this matter.

## III. INFRINGEMENT

8. Best Buy admits that, on its face, U.S. Patent No. 9,031,537 ("the '537 Patent") is entitled "*Electronic wireless hand held multimedia device*" and is identified as

being issued on May 12, 2015. Best Buy denies that the '537 Patent was duly and legally issued.

9. Best Buy admits that it sells cellular telephones and communications devices that comply with a number of technical standards. However, it does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Third Amended Complaint and therefore denies them and specifically denies any allegation of infringement contained in paragraph 9.

10. Best Buy does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Third Amended Complaint and therefore denies them and specifically denies any allegation of infringement contained in paragraph 10.

11. Best Buy admits and avers that Best Buy Stores, LP and BestBuy.com, LLC have sold, as of November 2021, no more than 113 units of the S42 Accused Product. Best Buy denies that the allegations in paragraph 11 of the Third Amended Complaint are sufficient to support a claim of infringement and further denies infringement of the '537 Patent.

12. Best Buy denies the allegations of paragraph 12 of the Third Amended Complaint in their entirety.

13. Best Buy denies the allegations of paragraph 13 of the Third Amended Complaint in their entirety.

14. Best Buy denies the allegations of paragraph 14 of the Third Amended Complaint in their entirety.

## IV. AFFIRMATIVE DEFENSES

15. Further answering Plaintiff's Third Amended Complaint and as additional defenses thereto, Best Buy asserts the following affirmative and other defenses, in response to the

allegations of infringement, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

**A. Failure to State a Claim**

16. The Third Amended Complaint fails to state a claim upon which relief can be granted against Best Buy.

**B. Non-Infringement**

17. Best Buy does not and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '537 Patent.

**C. Invalidity**

18. The '537 patent is invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 100 et seq., including, without limitation, 35 U.S.C. §§ 102, 103, and 112. In particular, Best Buy asserts that the '537 Patent is invalid over multiple items of prior art, including but not limited to:

(i) U.S. Patent No. 6,678,215 to Treyz *et al.*, entitled *Digital audio devices*;

(ii) U.S. Patent No. 6,601,040 to Kolls, entitled *Electronic commerce terminal for wirelessly communicating to a plurality of communication devices*;

(iii) U.S. Patent No. 6,434,403 to Ausems *et al.*, entitled *Personal digital assistant with wireless telephone*;

(iv) U.S. Patent No. 6,009,336 to Harris *et al.*, entitled *Handheld radiotelephone having a detachable display*;

(v) U.S. Patent No. 6,816,724 to Asikainen, entitled *Apparatus, and associated method, for remotely effectuating a transaction service*;

(vi) U.S. Patent No. 6,282,183 to Harris *et al.*, entitled *Method for authorizing couplings between devices in a capability addressable network*;

(vii) U.S. Patent No. 9,031,537 to Ortiz *et al.,* entitled *Electronic wireless hand-held multimedia device*; and

(viii) The IBM Simon Personal Communicator *as described* in the User's Manual, © Copyright IBM Corp. 1994 and known features thereof ("IBM Simon" – a product released onto the US market on August 16, 1994);

(ix)  The Bluetooth Radio System *as described in* Jaap C. Haartsen, *The Bluetooth radio system,* IEEE Personal Communications, vol. 7, no. 1, pp. 28-36, Feb. 2000 ("*The Bluetooth Radio System*");

(x)  Home RF as described by K. J. Negus, A. P. Stephens and J. Lansford *HomeRF: wireless networking for the connected home*, IEEE Personal Communications, vol. 7, no. 1, pp. 20-27, Feb. 2000 ("Home RF") – the presentation of the system was described in a San Francisco Press Release dated June 7, 1999.

## V. DEMAND FOR TRIAL BY JURY

19. Defendant demands a jury trial on all matters triable to a jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, Best Buy respectfully requests that this Court:

A. Enter a judgment in favor of Best Buy and against Plaintiff on all claims, and dismiss the Third Amended Complaint with prejudice;

B. Enter a judgment that Best Buy does not infringe, directly or indirectly, the patent-in-suit;

C. Enter a judgment that the patent-in-suit is invalid;

D.  Declare this case exceptional under 35 U.S.C. § 285 and award Best Buy its costs, expenses, attorneys' fees, and all applicable interests; and

E.  Grant Best Buy such other and further relief as this Court deems just and proper.

May 27, 2022                                             Respectfully Submitted,

*/s/ Allen F. Gardner*

By:   */s/ Allen F. Gardner*
Allen F. Gardner
TX Bar No.: 24043679
**ALLEN GARDNER LAW, PLLC**
609 S. Fannin
Tyler, TX 75701
Tel: (903) 944-7537
Fax: (903) 944-7856
allen@allengardnerlaw.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the twenty seventh day of May, 2022 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Allen F. Gardner*